IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMETRIA ORLANDO MALONE, | § | |
| TDCJ No. 1347236, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:23-cv-1781-X-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Demetria Orlando Malone, a Texas prisoner, submitted a filing that has been construed as a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, collaterally attacking his Dallas County convictions for burglaries of a habitation and arson. *See* Dkt. No. 3; *State v. Malone*, Nos. F04-51236-WJV, F04-51235-WJV, F04-53168-LV, F04-72821-MV (292d Jud. Dist. Ct., Dall. Cnty., Tex.), *aff'd as modified*, Nos. 05-06-00186-CR, 05-06-00187-CR, 05-06-00188-CR, 05-06-00189-CR, 2006 WL 3411344 (Tex. App. – Dallas Nov. 28, 2006, no pet.).

United States District Judge Brantley Starr referred Malone's construed Section 2254 application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Because Malone has failed to show that, before resorting to Section 2254 relief, he fully and properly exhausted his state remedies as to the criminal judgments that he now challenges, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application under

Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4) without prejudice to Malone's right to exhaust his state remedies.

## Discussion

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) (per curiam). A state prisoner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (quoting 28 U.S.C. § 2254(b)(1)(A))).

This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).[1] Texas prisoners must present their claims to the Texas Court of Criminal Appeals (the CCA) in a petition for

---

[1] *See also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting, in turn, *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))); *Loynachan*, 766 F. App'x at 159 ("To determine whether a § 2254 petitioner has exhausted a claim, his federal claim should be compared with the claim he raised in state court 'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.' 'Rather, the petitioner must afford the state court a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim."' This reflects the fact in the habeas system, state courts are provided the first opportunity to assess the claim." (citations omitted)).

discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). "A petitioner need merely press a claim through one of these avenues to exhaust that claim. [But, t]o exhaust a claim, it must also be presented in a procedural context in which state courts necessarily review the claim on the merits." *Loynachan*, 766 F. App'x at 159 (citations omitted).

Under Habeas Rule 4, a district court may summarily dismiss a Section 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Habeas Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)).[2]

---

[2] *See also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

While Malone directly appealed his convictions, there is no record that he then petitioned for discretionary review in the CCA or pursued state post-conviction relief. So the CCA has not had an opportunity to consider the claims that Malone now raises in federal court. He has thus failed to exhaust state remedies in a procedurally correct manner. And his Section 2254 application should be dismissed without prejudice under Habeas Rule 4. *See, e.g.*, *Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))).

**Recommendation and Directions to Clerk of Court**

The Court should dismiss Petitioner Demetria Orlando Malone's application for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to his right to exhaust state remedies. The Court should further direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

And the Clerk of Court is DIRECTED to serve electronically this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 14, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE